IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LARRY T. SAWYER, ) | |
|     Plaintiff, ) | Civil Action No. 7:20-cv-00510 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **SOUTHERN WEST OF VIRGINIA** ) | By: Norman K. Moon |
| **REGIONAL JAIL,** *et al.*, ) | Senior United States District Judge |
|     **Defendants.** ) | |

Plaintiff Larry T. Sawyer, who alleges that he is a federal inmate currently housed at the Southwest Virginia Regional Jail ("SWVRJ"),[1] filed this complaint, pursuant to 42 U.S.C. § 1983, naming three defendants: "Southern West of Virginia Regional Jail" (presumably meaning the SWVRJ), "Medical Dept," and "Howard Carlton." In his complaint, Sawyer alleges that an unnamed federal doctor and the "federal medical department" approved him for treatment for his hepatitis C and directed that his treatment should start upon his arrival at the SWVRJ in January 2020. He claims that in April 2020, the "Medical Department" denied him the treatment, that he has received no medical treatment and has not even had blood drawn, and that the lack of treatment or delay in treatment may lead to significant illness or death. Sawyer further asserts that he has been denied the treatment because he is a federal inmate, rather than a state inmate, and because of the cost. (*See generally* Compl., Dkt. No. 1.)

The complaint is now before me for review pursuant to 28 U.S.C. § 1915A(a), which requires district courts to conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Pleadings of self-represented litigants are accorded liberal construction and held to a

---

[1] Sawyer does not indicate at which one of the four SWVRJ facilities he is housed, but publicly available records reflect that he is housed in Abingdon. Also, based on the entirety of Sawyer's complaint, which refers to Greenville, to the U.S. Marshal in Tennessee, and to Judge Wyrick, it appears that Sawyer's federal criminal proceedings are pending in the Greenville Division of the U.S. District Court for the Eastern District of Tennessee.

less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Applying those standards, I conclude that the entirety of Sawyer's complaint is subject to dismissal pursuant to § 1915A(b)(1). In particular, two of the defendants are not entities that can be sued under 42 U.S.C. § 1983, and Sawyer fails to state a claim against the third defendant, Carlton, because he does not allege any facts to show how that person was personally involved in a deprivation of Sawyer's rights. Nonetheless, in light of Sawyer's status as a *pro se* litigant, he will be given an opportunity to amend his complaint.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

Neither the SWVRJ nor the "Medical Dept" is an entity capable of being sued or a "person" for purposes of § 1983. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890,

893–94 (E.D. Va. 1992) (holding a jail is not a person subject to suit under § 1983). Accordingly, Sawyer fails to state a claim against those two defendants.

Even if Sawyer had brought his claims against the Southwest Virginia Regional Jail Authority ("the Jail Authority"), who operates SWVRJ, he has not alleged facts sufficient to state a claim against that entity, either. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985). Although Sawyer alleges that he did not receive treatment because he is a federal prisoner or because of the cost, he does not allege that the Jail Authority has any official policy or custom refusing medical care to federal inmates or refusing medical care that is expensive. In short, he has not alleged any facts concerning any official policy or custom of the Jail Authority so as to hold it liable under *Monell*.

As to the third and final defendant, "Howard Carlton," Sawyer does not identify or explain who Carlton is. Common sense suggests that Carlton was somehow involved in the denial of Sawyer's medical care, but that is not explicitly set forth in the complaint. Importantly, moreover, Sawyer's complaint does not contain any allegations about actions, omissions, or decisions by Carlton that affected Sawyer's rights. As already noted, a complaint

that does not allege any personal involvement by a defendant fails to state a claim against that defendant. *Wilcox*, 877 F.3d at 170.

    For the foregoing reasons, Sawyer's complaint fails to state a claim for relief and must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).

    An appropriate order will be entered.

    **ENTER**: This 8th day of September, 2020.

                                                  /s/ Norman K. Moon
                                                NORMAN K. MOON
                                                SENIOR UNITED STATES DISTRICT JUDGE